IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TALJINDER KAUR,<br><br>    Plaintiff,<br><br>  v.<br><br>FRESH EXPRESS INCORPORATED,<br>CHIQUITA BRANDS LLC, AND JOHN<br>DOE,<br><br>    Defendants. | Civil Action File<br>No. 2022CV01950 |

**NOTICE OF REMOVAL**

COME NOW Fresh Express Incorporated and Chiquita Brands L.L.C., appearing specially without waiving any rights after being named as defendants and respectfully provide the Court with the following facts as grounds for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed her lawsuit naming Fresh Express Incorporated and Chiquita Brands L.L.C. as defendants in *Taljinder Kaur v. Fresh Express Incorporated, Chiquita Brands LLC, and John Doe*, Civil Action File No. 2022CV01950, before the State Court of Clayton County.  Clayton County is within the Atlanta Division of this Court.

2.

Pursuant to the allegation at ¶1 of her Complaint, plaintiff is a citizen and resident of California.

3.

Defendant Fresh Express Incorporated is a corporation organized under the laws of the State of Delaware with its principal place of business in Windermere, Florida. For purposes of diversity, defendant Fresh Express Incorporated is deemed a citizen of Delaware and Florida. There is complete diversity of citizenship between the plaintiff and Fresh Express Incorporated.

4.

Defendant Chiquita Brands L.L.C. is a Delaware limited liability company with its principal place of business in Florida.  No member of Chiquita Brands L.L.C. is or is deemed to be a resident of Georgia.  There is diversity of citizenship between the plaintiff and Chiquita Brands L.L.C.

5.

Defendant John Doe is a fictitious defendant whose citizenship are not alleged in the Complaint, and thus shall be disregarded, pursuant to 28 U.S.C. §1441(b)(1).

6.

Accordingly, there is complete diversity among the plaintiff (California) and the defendants (Delaware and Florida).

7.

Pursuant to 28 U.S.C. § 1332(a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs, and is between – (1) citizens of different states . . ." In her Complaint filed in the State Court of Clayton County, the plaintiff alleges in excess of $64,372.28 in past medical expenses not including lost wages, past and future mental and physical pain and suffering, and future medical expenses.

8.

Defendants submit that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2). Here, plaintiff claims injury after an alleged contact with a vehicle and claims past medical expenses of "at least $64,372.28" in her Complaint. (Complaint ¶ 12). Where a pleading (such as the Complaint in the

instant action) seeks an unspecified amount of damages, the defendant must show by "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996). *See also Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010); 28 U.S.C. § 1332(c)(2). A defendant need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

9.

Plaintiff also sought general damages and damages for pain and suffering. (Complaint ¶ 14) Reported jury verdicts show that the amount in controversy exceeds $75,000. For example, in *Papay v. Byrd,* 19-cv-337 (Superior Court of Harris County, April 14, 2021), the plaintiff received $200,000 on claimed medical specials of approximately $10,000 after a vehicle left inadvertently left in neutral rolled into the plaintiff. In the automobile accident case of *Damian Gaynor v. Anthony Carantzas* (No. 15ev001387, State Court of Fulton County) the plaintiff received a $82,401.44 verdict following a diagnosis of a lumbar disc herniation that required physical therapy and epidural steroid injections with claims of $3,742.62 in lost wages and $32,401 in medical expenses.  The jury awarded plaintiff $80,000

in the case of *Laverne Arnold v. Christopher Richardson and American Door & Hardware, Inc*. (No. 11C-03220-S6, State Court of Gwinnett County) where plaintiff was involved in a minor rear end accident and received treatment for aggravation of her pre-existing degenerative cervical and lumbar disc disease, which included epidural injections.  Plaintiff incurred $16,000 in medical expenses.  The plaintiff in *Rita Renshaw v. Jorge Cardena and State Farm Mutual Automobile Insurance Co.* (No. 2013-CV-02539-C, State Court of Clayton County) received a verdict of $99,256 after incurring $9,256 in medical expenses following an automobile accident that led to soft tissue cervical and shoulder injuries. In *Joydi Ovalle v. John Doe & State Farm Mutual Automobile Insurance Company*, No. 12 EV 014832 (State Court of Fulton County), the jury awarded a $150,000 verdict for a soft tissue injury to the neck that required chiropractic care and injections with $27,000 in medical specials.

10.

Federal courts in the northern district acknowledged that the amount in controversy exceeded $75,000 even though plaintiff's medical bills were less than $75,000 in the following cases: *Latina Fuller v. Hillstone Restaurant Group, Inc. et al.(*Case No. 1:20-CV-1908-AT) (amount in controversy exceeded $75,000 based on medical expenses of $46,479.41);

*Laurel Cressman v. Steak and Shake, Inc.* (Case No. 1:18-cv-01806-MHC) (amount in controversy exceeded jurisdictional threshold based on medical expenses of $53,537.45 and plaintiff's alleged "severe physical injuries"), and *Marlene Deyanira Aviles De Polio et al. v. Burlington Coat Factory Warehouse Corporation*, (Case No. 1:18-cv-5680-TCB) (finding amount in controversy exceeded jurisdictional threshold based on pre-suit demand of $150,000 and $29,744.23 in claimed medical specials).  In this case, the plaintiff's complaint alleged more than $64,000 in medical expenses.  Accordingly, the evidence shows the amount in controversy exceeds $75,000.

11.

Pursuant to 28 U.S.C. § 1441(a), any civil action over which the federal courts have original jurisdiction, but which is brought in state court, may be removed to the district court of the United States that embraces the place where such action is pending.  This removal is to the district court of the United States for the district and division that includes Clayton County, Georgia, the place where the state court action is pending.

12.

This Notice of Removal is being filed within 30 days after service upon Fresh Express Incorporated and Chiquita Brands

L.L.C.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

13.

Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served in the state court action as of this date are attached hereto as **Exhibit "A."**

14.

A Notice of Filing of Notice of Removal and amended notice is being filed with the clerk of the State Court of Clayton County, Georgia, and is being served on plaintiff's counsel as required by 28 U.S.C. § 1446(d).  A copy (without attachments) of the Notice of Filing of Notice of Removal and amended notice filed in the State Court Action is attached hereto as **Exhibit "B."**

15.

Defendants have given written notice of filing of this petition to the plaintiff as set forth in the certificate of service attached to this motion.

16.

WHEREFORE, Fresh Express Incorporated and Chiquita Brands L.L.C. respectfully request that this Notice of Removal be accepted and that the state court action be removed to the

United States District Court for the Northern District of Georgia (Atlanta Division).

                Respectfully submitted,

                DREW, ECKL & FARNHAM, LLP

                /s/ G. Randall Moody
                _____
                G. RANDALL MOODY
                Georgia Bar No. 517702
                JESSICA P. JOHNSON
                Georgia Bar No. 183161

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
johnsonj@deflaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by e-filing with the Court's CM/ECF system, which will automatically send email notification of such filing to attorneys of record:

>Joseph D. Perrotta
>MONGE & ASSOCIATES
>8205 Dunwoody Place
>Atlanta, Georgia 30350
>Attorneys for Plaintiff

This 28th day of September, 2022.

>Respectfully submitted,
>
>DREW, ECKL & FARNHAM, LLP
>
>/s/ G. Randall Moody
>_____
>G. RANDALL MOODY
>Georgia Bar No. 517702

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com

12952907v1
10494-218104