# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
08/30/2022
CT Log Number 542215620

## Service of Process Transmittal Summary

**TO:** Kristopher Zinchiak
CHIQUITA BRANDS INTERNATIONAL, INC.
1855 GRIFFIN ROAD, SUITE C-436
DCOTA OFFICE CENTER
DANIA BEACH, FL 33004

**RE:** **Process Served in Georgia**

**FOR:** Fresh Express Incorporated (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TALJINDER ICAUR // To: Fresh Express Incorporated |
| **CASE #:** | 2022CV01950 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/30/2022 at 11:48 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, Eve Perez Torres epereztorres@chiquita.com |
| | Email Notification, Linda Ipong lipong@freshexpress.com |
| | Email Notification, Kristopher Zinchiak kzinchiak@chiquita.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 289 S. Culver St. |
| | Lawrenceville, GA 30046 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

2022CV01950

e-Filed 8/29/2022 2:34 PM

*Tiki Brown*

**Tiki Brown**

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

**Clerk of State Court**

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236

Clayton County, Georgia
**Latasha Currie**

TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

---

TALJINDER KAUR

Plaintiff

Vs.

FRESH EXPRESS INCORPORATED c/o CT
Corporation System
289 S. Culver Street

Lawrenceville, Gwinnett County, GA

Defendant

**2022CV01950**

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Joseph D. Perrotta, Esq.
Monge & Associates
8205 Dunwoody Place
Bldg. 19
Atlanta, GA 30350

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

/s/ Latasha Currie

By:_____

Deputy Clerk

2022CV01950

e-Filed 8/29/2022 2:34 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

TALJINDER KAUR,                          )
                                         )
    Plaintiff,                           )
                                         )
                                         )      2022CV01950
v.                                       )   **Civil Action File No.:**
                                         )
FRESH EXPRESS INCORPORATED,              )   **DEMAND FOR JURY TRIAL**
CHIQUITA BRANDS, LLC, and JOHN           )
DOE,                                     )
                                         )
    Defendants.                          )
_____          )

### COMPLAINT FOR PERSONAL INJURIES

    **COMES NOW**, Taljinder Kaur ("Plaintiff Kaur") by and through undersigned counsel, and files this Complaint for damages against Fresh Express and Chiquita Brands, LLC (hereinafter referred to as "Defendants"), and shows this Court the following facts and circumstances in support of this Complaint:

### I. PARTIES, JURISDICTION AND VENUE

1.

    Plaintiff is an individual and resident of Fresno County, California.

2.

    Defendant Fresh Express Incorporated is subject to the jurisdiction of this Court and, pursuant to O.C.G.A. § 9-11-4(e)(1), can be served with a Summons and Complaint for Personal Injuries, Plaintiff's First Request for Admissions, Continuing Interrogatories and Request for Production of Documents to Defendant Fresh Express, through the Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

1

3.

Defendant Chiquita Brands, LLC. is subject to the jurisdiction of this Court and, pursuant to O.C.G.A. § 9-11-4(e)(1), can be served with a Summons and Complaint for Personal Injuries, Plaintiff's First Request for Admissions, Continuing Interrogatories and Request for Production of Documents to Defendant Chiquita Brands, LLC through the Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

4.

Jurisdiction and Venue are appropriate in this Court.

## II. BACKGROUND

5.

This personal injury action arises from an automobile accident between Defendant Fresh Express' vehicle and the Plaintiff, a pedestrian.

6.

On or about August 9, 2021, Plaintiff had completed a delivery at Defendant Fresh Express warehouse located at 1361 Southern Road, Morrow, Georgia 30260, walking back to her truck, located in the warehouse parking lot.

7.

At the same time and place, Defendant Fresh Express' truck was on the premises located at 1361 Southern Road, Morrow, Georgia 30260, when suddenly and without warning, Defendant's truck driver, John Doe, turned towards the entrance area and struck Plaintiff, causing significant injuries to the Plaintiff.

2

8.

At all times relevant hereto, Defendant John Doe was an employee and agent of one or both corporate defendants, and was operating the vehicle in the course and scope of his employment.

## STATEMENT OF CLAIMS

9.

Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1-8 above as though fully set out herein.

10.

The incident was caused by the recklessness, carelessness, negligence, and negligence per se of the Defendant for the following acts and omissions:

(a)    Failure to Exercise Due Care to avoid colliding with any pedestrian upon a roadway in violation of O.C.G.A. § 40-6-93;

(b)    Driving in a reckless disregard for the safety of others in violation of O.C.G.A. § 40-6-390;

(c)    Distracted driving in violation of O.C.G.A. § 40-6-180;

(d)    Improper driving in violation of O.C.G.A. § 40-6-41;

(e)    Operating a motor vehicle in reckless disregard for the safety of others in violation of O.C.G.A. § 40-6-390;

(f)    Failed to operate a motor vehicle in a safe fashion under the circumstances then existing in violation of O.C.G.A. § 40-6-180; .

(g)    Failed to keep a proper lookout for a pedestrian lawfully upon the highway;

(h)    Failed to maintain reasonable vigilance in the operation of a motor vehicle;

3

(i)    Failed to drive prudently;

(j)    Any and all other respects in violation of the Georgia Uniform Rules of the Road and other acts/omissions not now known to the Plaintiff but which may become known prior to or at the time of trial.

11.

At all times material herein, Plaintiff conducted herself in a safe and lawful manner, and did not in any way cause or contribute to the circumstances which caused her injuries.

12.

As a direct, sole, and proximate result of the recklessness, carelessness, negligence, and negligence *per se* of the Defendant, the Plaintiff:

(a)    suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe emotional distress, and loss of the capacity for the enjoyment of life;

(b)    has and will be required to undergo medical treatment and to incur medical costs and expenses in excess of $64,372.28 to alleviate said injuries, pain, and suffering;

(c)    has and will be precluded from engaging in normal activities and pursuits, including the loss of his ability to earn money;

(d)    lost wages;

(e)    otherwise was hurt, injured, and caused to sustain losses;

(f)    all of the Plaintiff's losses were, are, and will be due solely to and by reason of the recklessness, carelessness, negligence, and negligence *per se* of the Defendants, without any negligence or want of due care on the Plaintiff's part contributing thereto.

4

13.

Defendant has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense in requiring the filing of the instant lawsuit. Pursuant to O.C.G.A. §§ 13-6-11 and 51-12-7, Plaintiff hereby respectfully requests and specifically pleads for recovery of expenses of litigation, interest, penalties, and attorneys' fees as a result of the Defendant's stubbornly litigious and bad faith conduct.

14.

Defendant is indebted to Plaintiff for past, present, and future treatment expenses; past, present, and future pain and suffering; past, present, and future loss of ability to enjoy life; past, present, and future lost wages; loss of use of his vehicle for work; expenses of litigation, and all other damages allowed by Georgia law.

WHEREFORE, Plaintiff respectfully demands trial by a fair and impartial jury on all issues and for the following:

(a)    That Defendants be found liable for recklessness, carelessness, negligence, and negligence *per se;*

(b)    That Plaintiff be awarded an amount for special damages in an amount to be proven at trial for said recklessness, carelessness, negligence, and negligence *per se* of Defendants, pursuant to O.C.G.A. § 51-12-1 *et seq*;

(c)    The Plaintiff be awarded an amount for general damages to be proven at trial for said recklessness, carelessness, negligence, and negligence *per se* of Defendants, pursuant to O.C.G.A. § 51-12-1 *et seq;*

(d)    That Plaintiff be awarded an amount for recovery of expenses of litigation, penalties, and attorneys' fees because of the Defendants' stubbornly litigious and bad faith conduct, pursuant to O.C.G.A. § § 13-6-11 and 51-12-7;

5

(e)    That Plaintiff be granted a trial by jury;

(f)    That Plaintiff be awarded any and all additional relief that this Honorable Court
deems just, proper, and reasonable.

This the 29th day of August 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ *Joseph D. Perrotta*

Joseph D. Perrotta, Esq.
Georgia State Bar No. 572499
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Joe@monge.lawyer

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

TALJINDER KAUR,

      Plaintiff,

  v.

FRESH EXPRESS INCORPORATED,
CHIQUITA BRANDS, LLC, and JOHN DOE,

      Defendants.

Civil Action File
No. 2022CV01950

**<u>NOTICE OF REMOVAL</u>**

      COME NOW, FRESH EXPRESS INCORPORATED and CHIQUITA BRANDS, L.L.C, appearing specially without waiving any rights after being named as defendants in the above-styled civil action, and provide the following notice:

      In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division. A copy of the Notice of Removal is attached hereto.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ G. Randall Moody

_____

G. RANDALL MOODY
Georgia Bar No. 517702
JESSICA P. JOHNSON
Georgia Bar No. 183161

303 Peachtree Street NE, Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
grotep@deflaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing

**NOTICE OF REMOVAL** upon all parties concerned via the court's e-filing system which will

automatically send email notification of such filing to the attorneys or parties of record:

> Joseph D. Perrotta
> MONGE & ASSOCIATES
> 8205 Dunwoody Place
> Atlanta, Georgia 30350
> Attorneys for Plaintiff

This 28th day of September, 2022

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP


/s/ G. Randall Moody
_____
G. RANDALL MOODY
Georgia Bar No. 517702
JESSICA P. JOHNSON
Georgia Bar No. 183161

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
johnsonj@deflaw.com

12953794v1
10494-218104

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TALJINDER KAUR,

      Plaintiff,

   v.

FRESH EXPRESS INCORPORATED,
CHIQUITA BRANDS LLC, AND JOHN
DOE,

      Defendants.

Civil Action File
No. 2022CV01950

## NOTICE OF REMOVAL

COME NOW Fresh Express Incorporated and Chiquita Brands L.L.C., appearing specially without waiving any rights after being named as defendants and respectfully provide the Court with the following facts as grounds for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed her lawsuit naming Fresh Express Incorporated and Chiquita Brands L.L.C. as defendants in *Taljinder Kaur v. Fresh Express Incorporated, Chiquita Brands LLC, and John Doe*, Civil Action File No. 2022CV01950, before the State Court of Clayton County.  Clayton County is within the Atlanta Division of this Court.

- 1 -

2.

Pursuant to the allegation at ¶1 of her Complaint, plaintiff is a citizen and resident of California.

3.

Defendant Fresh Express Incorporated is a corporation organized under the laws of the State of Delaware with its principal place of business in Windermere, Florida. For purposes of diversity, defendant Fresh Express Incorporated is deemed a citizen of Delaware and Florida. There is complete diversity of citizenship between the plaintiff and Fresh Express Incorporated.

4.

Defendant Chiquita Brands L.L.C. is a Delaware limited liability company with its principal place of business in Florida.  No member of Chiquita Brands L.L.C. is or is deemed to be a resident of Georgia.  There is diversity of citizenship between the plaintiff and Chiquita Brands L.L.C.

5.

Defendant John Doe is a fictitious defendant whose citizenship are not alleged in the Complaint, and thus shall be disregarded, pursuant to 28 U.S.C. §1441(b)(1).

6.

Accordingly, there is complete diversity among the
plaintiff (California) and the defendants (Delaware and
Florida).

7.

Pursuant to 28 U.S.C. § 1332(a), "The district courts shall
have original jurisdiction of all civil actions where the matter
in controversy exceeds the sum or value of $75,000, exclusive of
interests or costs, and is between – (1) citizens of different
states . . ."  In her Complaint filed in the State Court of
Clayton County, the plaintiff alleges in excess of $64,372.28 in
past medical expenses not including lost wages, past and future
mental and physical pain and suffering, and future medical
expenses.

8.

Defendants submit that the amount in controversy exceeds
the sum of $75,000 exclusive of interest and costs. "If removal
of a civil action is sought on the basis of the jurisdiction
conferred by section 1332(a), the sum demanded in good faith in
the initial pleading shall be deemed to be the amount in
controversy[.]" 28 U.S.C. § 1446(c)(2). Here, plaintiff claims
injury after an alleged contact with a vehicle and claims past
medical expenses of "at least $64,372.28" in her Complaint.
(Complaint ¶ 12). Where a pleading (such as the Complaint in the

instant action) seeks an unspecified amount of damages, the defendant must show by "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996). *See also Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010); 28 U.S.C. § 1332(c)(2). A defendant need not "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

9.

Plaintiff also sought general damages and damages for pain and suffering. (Complaint ¶ 14) Reported jury verdicts show that the amount in controversy exceeds $75,000. For example, in *Papay v. Byrd,* 19-cv-337 (Superior Court of Harris County, April 14, 2021), the plaintiff received $200,000 on claimed medical specials of approximately $10,000 after a vehicle left inadvertently left in neutral rolled into the plaintiff. In the automobile accident case of *Damian Gaynor v. Anthony Carantzas* (No. 15ev001387, State Court of Fulton County) the plaintiff received a $82,401.44 verdict following a diagnosis of a lumbar disc herniation that required physical therapy and epidural steroid injections with claims of $3,742.62 in lost wages and $32,401 in medical expenses.  The jury awarded plaintiff $80,000

- 4 -

in the case of *Laverne Arnold v. Christopher Richardson and American Door & Hardware, Inc.* (No. 11C-03220-S6, State Court of Gwinnett County) where plaintiff was involved in a minor rear end accident and received treatment for aggravation of her pre-existing degenerative cervical and lumbar disc disease, which included epidural injections.  Plaintiff incurred $16,000 in medical expenses.  The plaintiff in *Rita Renshaw v. Jorge Cardena and State Farm Mutual Automobile Insurance Co.* (No. 2013-CV-02539-C, State Court of Clayton County) received a verdict of $99,256 after incurring $9,256 in medical expenses following an automobile accident that led to soft tissue cervical and shoulder injuries. In *Joydi Ovalle v. John Doe & State Farm Mutual Automobile Insurance Company*, No. 12 EV 014832 (State Court of Fulton County), the jury awarded a $150,000 verdict for a soft tissue injury to the neck that required chiropractic care and injections with $27,000 in medical specials.

10.

Federal courts in the northern district acknowledged that the amount in controversy exceeded $75,000 even though plaintiff's medical bills were less than $75,000 in the following cases: *Latina Fuller v. Hillstone Restaurant Group, Inc. et al.*(Case No. 1:20-CV-1908-AT) (amount in controversy exceeded $75,000 based on medical expenses of $46,479.41);

*Laurel Cressman v. Steak and Shake, Inc.* (Case No. 1:18-cv-01806-MHC) (amount in controversy exceeded jurisdictional threshold based on medical expenses of $53,537.45 and plaintiff's alleged "severe physical injuries"), and *Marlene Deyanira Aviles De Polio et al. v. Burlington Coat Factory Warehouse Corporation*, (Case No. 1:18-cv-5680-TCB) (finding amount in controversy exceeded jurisdictional threshold based on pre-suit demand of $150,000 and $29,744.23 in claimed medical specials).  In this case, the plaintiff's complaint alleged more than $64,000 in medical expenses.  Accordingly, the evidence shows the amount in controversy exceeds $75,000.

11.

Pursuant to 28 U.S.C. § 1441(a), any civil action over which the federal courts have original jurisdiction, but which is brought in state court, may be removed to the district court of the United States that embraces the place where such action is pending.  This removal is to the district court of the United States for the district and division that includes Clayton County, Georgia, the place where the state court action is pending.

12.

This Notice of Removal is being filed within 30 days after service upon Fresh Express Incorporated and Chiquita Brands

- 6 -

L.L.C.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

13.

Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served in the state court action as of this date are attached hereto as **Exhibit "A."**

14.

A Notice of Filing of Notice of Removal and amended notice is being filed with the clerk of the State Court of Clayton County, Georgia, and is being served on plaintiff's counsel as required by 28 U.S.C. § 1446(d).  A copy (without attachments) of the Notice of Filing of Notice of Removal and amended notice filed in the State Court Action is attached hereto as **Exhibit "B."**

15.

Defendants have given written notice of filing of this petition to the plaintiff as set forth in the certificate of service attached to this motion.

16.

WHEREFORE, Fresh Express Incorporated and Chiquita Brands L.L.C. respectfully request that this Notice of Removal be accepted and that the state court action be removed to the

United States District Court for the Northern District of
Georgia (Atlanta Division).

                              Respectfully submitted,

                              DREW, ECKL & FARNHAM, LLP


                              /s/ G. Randall Moody
                              _____
                              G. RANDALL MOODY
                              Georgia Bar No. 517702
                              JESSICA P. JOHNSON
                              Georgia Bar No. 183161

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
johnsonj@deflaw.com


                              - 8 -

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by e-filing with the Court's CM/ECF system, which will automatically send email notification of such filing to attorneys of record:

> Joseph D. Perrotta
> MONGE & ASSOCIATES
> 8205 Dunwoody Place
> Atlanta, Georgia 30350
> Attorneys for Plaintiff

This 28th day of September, 2022.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ G. Randall Moody

_____

G. RANDALL MOODY
Georgia Bar No. 517702

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com

12952907v1
10494-218104

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

TALJINDER KAUR,

        Plaintiff,

   v.

FRESH EXPRESS INCORPORATED,
CHIQUITA BRANDS, LLC, and JOHN DOE,

        Defendants.

Civil Action File
No. 2022CV01950

## **ANSWER**

COME NOW Fresh Express Incorporated and Chiquita Brands, L.L.C, appearing specially after being named as defendants in the above-styled civil action, and answer plaintiff's complaint as follows:

### FIRST DEFENSE

Portions of plaintiff's complaint fail to state or set forth claims against these defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claim is barred for improper joinder and plaintiff named improper party.

### THIRD DEFENSE

Plaintiff's claim is barred by misjoinder and therefore service of process is improper.  In absence of proper service, the court may lack jurisdiction over Chiquita Brands, LLC.

## FOURTH DEFENSE

Plaintiff's claim may be barred by reason of the Georgia Doctrine of Assumption of Risk.

## FIFTH DEFENSE

Plaintiff's claims may be barred by exclusive remedy, waiver, estoppel, release, injury by fellow servant, and statute of limitations.

## SIXTH DEFENSE

These defendants show that the plaintiff's alleged damages, if any, may have been directly and proximately caused by plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

## SEVENTH DEFENSE

In further answer, these defendants show that the matter in question and plaintiff's damages, if any, may have been caused by the acts and failure to act of persons or entities other than these defendants.

## EIGHTH DEFENSE

The plaintiff by the exercise of ordinary care may have been able to avoid the consequences of any act or failure to act of these defendants.

## NINTH DEFENSE

If these defendants were negligent, which defendants emphatically deny, the negligence of the plaintiff may have equaled or exceeded that of these defendants.

## TENTH DEFENSE

For their tenth defense, these defendants answer plaintiff's complaint as follows:

1.

Defendants deny the allegations of paragraphs 3, 4, 5, 7, and 8 of plaintiff's complaint.

2.

Defendants can neither admit nor deny the allegations contained in paragraphs 1 and 6 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

3.

Defendants admit the allegations of paragraph 2 of plaintiff's complaint.

4.

Defendants deny all other allegations contained in paragraphs 1 through 8 of plaintiff's complaint.

## STATEMENT OF CLAIMS

5.

In response to paragraph 9 of plaintiff's complaint, defendants hereby incorporate by reference as if set out fully herein their answers and defenses to paragraphs 1 through 8 of plaintiff's complaint.

6.

Defendants deny the allegations of paragraphs 10, 11, 12, 13, and 14 of plaintiff's complaint.

7.

Defendants deny all other allegations of the statement of claims of plaintiff's

complaint.

8.

Defendants deny all other allegations in plaintiff's complaint.

WHEREFORE, having fully answered, defendants pray that they be discharged

without costs.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ G. Randall Moody

G. RANDALL MOODY
Georgia Bar No. 517702
JESSICA P. JOHNSON
Georgia Bar No. 183161

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
Johnsonj@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the within and foregoing

**ANSWER** upon all parties concerned via the court's e-filing system which will automatically

send email notification of such filing to the attorneys or parties of record:

Joseph D. Perrotta
MONGE & ASSOCIATES
8205 Dunwoody Place
Atlanta, Georgia 30350
Attorneys for Plaintiff

This 28th day of September, 2022.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s/ G. Randall Moody

G. RANDALL MOODY
Georgia Bar No. 517702
JESSICA P. JOHNSON
Georgia Bar No. 183161

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
moodyr@deflaw.com
Johnsonj@deflaw.com

12902857v1
10494-218104

2022CV01950                                               e-Filed 8/29/2022 2:34 PM

〕        ⅃

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

TALJINDER KAUR,                        )
                                       )
        Plaintiff,                 )
                                       )
                                       )                    2022CV01950
v.                                     )      **Civil Action File No.:**
                                       )
FRESH EXPRESS INCORPORATED,            )      **DEMAND FOR JURY TRIAL**
CHIQUITA BRANDS, LLC, and JOHN         )
DOE,                                   )
                                       )
        Defendants.                )
_____        )

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT FRESH EXPRESS INCORPORATED

TO:    Fresh Express Incorporated
        1361 Southern Road
        Morrow, GA 30260

        COMES NOW, Plaintiff, and serves upon Defendant Fresh Express Incorporated,

Plaintiff's First Interrogatories, to be answered under oath and within forty-five (45) days from

service hereof in accordance with O.C.G.A. § 9-11-33.

        These Interrogatories shall be deemed continuing so as to require supplemental answers if

you or your attorneys obtain further information between the time the answers are served and the

time of trial. Any such supplemental answers are to be filed and served upon counsel for

Plaintiff within thirty (30) days from the receipt of such information, but not later than the time

of trial.

### DEFINITIONS

        When used in these Interrogatories, the term "Defendant" or any synonym thereof, is

intended to and shall embrace servants, representatives, private investigators, and others who are

in a position of or may have obtained information for or on behalf of Defendants.

        As used in these Interrogatories, the following words and phrases have the meanings set

forth below.

        (1)  "You" and "your" means and refers to Defendants, the Defendants to whom these

interrogatories are directed, and includes your agents, employees, insurance company and their

agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2) The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3) "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## INTERROGATORIES

1. Identify the insurer issuing the policy, the policy number, and the effective dates of the policy for all policies of insurance (primary or excess) which do, does, or may provide insurance coverage for the claims made in Plaintiff's Complaint. Plaintiff specifically requests that in response to this interrogatory, this Defendant identify any and all payouts made and insurance coverages remaining for any aggregate or single-limit policies applicable for the time period which includes the subject incident.

2. Please state the name, business address, and business telephone number of the following persons:

    (a)    Any claims representative or individual who has investigated or sought to assist in the adjusting of the claim that forms the basis of Plaintiff's Complaint; and

    (b)    The claims representative who is responsible for handling and supervising this claim.

3. Please identify every person who has any information about how or why the subject collision occurred, about who was at fault or any way responsible for causing this collision, and about any other information concerning the issues of liability or damages in this case. Please list a brief description or nature of such person's knowledge (for example: eyewitness, investigating police officer, medical doctor, private investigator, etc.).

4. Please identify any witness who has information relevant to this case who has orally, in writing, or by recording in any way given a statement or account of his or his knowledge or any information relevant to this lawsuit. Identify each such witness by giving his or his name, address, and telephone number and provide an explanation of the type of statement

given (oral, written, recorded, etc.). Also, please identify the taker and present custodian of such statement.

5. Please identify any person you expect to call as an expert witness, whether live, by affidavit, or by deposition in connection with the trial, any hearing or motion for evidentiary matter in this civil action, and separately for each expert identify: a) the subject matter of which such person is expected to testify; b) the substance of the facts and opinions as to which such expert is expected to testify; c) a summary of the grounds for such opinion; and d) all documents and professional references upon which such person may specifically base his or his testimony and opinions.

6. Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff, or any other person did or failed to do that in any way contributed to causing the collision that forms the basis for Plaintiff's Complaint. Please reference any applicable statutory authority.

7. Provide the following information: 1) The name, address and officers of the person or company that owned the truck on the date of the collision; 2) The name, address and officers of the current employer or subcontractor Defendant John Doe was operating for at the time of the collision; and, 3) all persons who have investigated the subject collision or discussed the subject collision with Fresh Express Incorporated, Chiquita Brands, LLC, and/or John Doe, the driver involved in this collision.

8. State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant for the claims made in this lawsuit:

    (a)    Name of each insurance company issuing policy;

(b)     Applicable liability limits concerning each policy;

(c)     Names of all persons and/or companies insured under each policy;

(d)     Names of the person(s) paying premiums with respect to each policy;

(e)     Policy number of each policy;

(f)     Types of insurance coverage carried;

(g)     When/whether the defense of this action has been tendered to any such insurer;

(h)     When/whether defense has been accepted by each such insurer to whom defense has been tendered;

(i)     When this Defendant's insured has made any claims under said policy or policies as a result of the occurrence herein;

(j).    The nature, extent, and amount of any such claim or claims by said insured(s);

(k)     When those claims have been paid by you and the amount of said payment(s); and,

(l)     Your response or reaction with respect to the request that you defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

9. State whether this Defendant admits that the driver of the subject truck, John Doe, negligently caused the subject occurrence. If your answer is in the negative, please explain the basis for contesting liability.

10. Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to the Plaintiff's physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

11. Please explain the nature of the employment relationship between the driver of the subject truck involved in this collision and this Defendant, including the date the employment relationship began, whether the relationship has been terminated, the date of such termination, the reason for such termination, and the identity of the person who terminated the driver.

12. With respect to the driver of the truck involved in this occurrence, please state the following:  full legal name; date of birth; Social Security number; Driver's license number and state of issuance; present home address; all of said driver's previous residence addresses for the past five years, including the street address, city, state, and zip code; and his mode of compensation.

13. Please identify the following individuals of Defendant Fresh Express Incorporated. as of the date of the occurrence and at present:

    (a)     Person(s) responsible for the inspection, maintenance, and repair of this Defendant's truck;

    (b)     Safety Director;

    (c)     Person(s) responsible for training employees/drivers, including John Doe;

    (d)     Person(s) responsible for interviewing and/or hiring employees/drivers, and, specifically, driver John Doe; and,

    (e)     Person(s) responsible for supervising drivers, including John Doe.

14. Please state whether this Defendant, its agents, its attorneys, or its insurer, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant hires or

allows to drive their vehicles. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the tractor trailer involved in the subject occurrence.

15. Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insurance company.

16. Please give a detailed history of any inspections, maintenance, and repairs of the truck that was involved in the subject collision, both prior to and subsequent to the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

17. As to this Defendant's truck involved in the occurrence, please state the following information: Manufacturer, make, model, year, and Vehicle Identification Number (VIN); person or entity to whom the subject truck was titled as of the date of the occurrence and at present; present location of the pickup truck; gross vehicle rating of the pickup truck; and wheel base measurements.

18. Please state whether any inspection of the subject truck was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the

person(s) performing such inspection. Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the truck.

19. Please state whether at the time and place of the subject occurrence, John Doe was an employee/servant of this Defendant, and if so, whether he was acting within the course and scope of his employment. If your answer to this interrogatory is in any way in the negative, please also state the facts which support such response, including, but not limited to, whether John Doe was an employee at the time, whether he was "on the clock" at the time, and if you contend he was on an independent "frolic" of his own, please state what facts support that contention.

20. Please state whether this Defendant, its attorneys, investigators, insurance company or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following: the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

21. Please state whether or not an accident/incident report was made by this Defendant or any of your representatives or employees in connection with the subject occurrence, and if so, the place where such report is located.

22. Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by John Doe, his destination, and from where he left. Please include in this response a listing of each person, force of

nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

23. Please identify and describe each document filed by or on behalf of Defendant Fresh Express Incorporated with a state or government agency, or received from a state or federal agency, including, but not limited to, certificates of insurance, MC90, insurance cancellation notifications, certificate of authority, and licenses or permits to engage in interstate or intrastate authority.

24. Please identify all dates which correspondence or attempts of communication with the Plaintiff were made in relation to the referenced incident.

25. Identify whom exactly Defendant John Doe was working for or acting on behalf of at the time of the collision.

26. Please identify whether a video recording capturing the referenced collision in in your possession, and or was ever requested by Defendant Fresh Express Incorporated.

27. Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the contention which it supports or to which it otherwise relates.

[Date and Signature on the Next Page]

This the 29th day of August, 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ *Joseph D. Perrotta*

Joseph D Perrotta
Georgia State Bar No. 572499
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
(800)899-5750
joe@monge.lawyer

2022CV01950

e-Filed 8/29/2022 2:34 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Curfie

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

TALJINDER KAUR,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Civil Action File No.:        2022CV01950
                                         )
FRESH EXPRESS INCORPORATED,              )        **DEMAND FOR JURY TRIAL**
CHIQUITA BRANDS, LLC, and JOHN           )
DOE,                                     )
                                         )
        Defendants.                      )
                                         )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT FRESH EXPRESS INCORPORATED

NOW COMES, Taljinder Kaur (hereinafter "Plaintiff") pursuant to O.C.G.A.§9-11-36 requests that Fresh Express Incorporated (hereinafter "Defendant") admit or deny the truth of the following statements with the time allowed by law and that the Defendant serve a copy of your responses hereto upon Monge & Associates, 8205 Dunwoody Place, Building 19, Atlanta, Georgia 30350. Please admit or deny the following:

1.

The incident giving rise to the subject action occurred on August 9, 2021.

2.

You were properly served with a copy of the Summons, Complaint, Interrogatories, Request for Production of Documents, Request for Admissions and Notice of Deposition in this action.

3.

You were properly served with a copy of the Summons and Complaint in this action within the applicable statute of limitations.

1

4.

You are a proper party to this action.

5.

You are the only necessary Defendant to this action.

6.

This Court has jurisdiction over this action.

7.

Venue is proper before this Court.

8.

Plaintiff has stated a claim against you for which relief may be granted.

9.

No act or omission on the part of Plaintiff caused the subject collision.

10.

No act or omission on the part of the Plaintiff contributed to the subject incident.

11.

The motor vehicle operated by Defendant John Doe on August 9, 2021 was owned by Defendant Fresh Express Incorporated and was being operated by Defendant John Doe with the knowledge, permission and consent of its owner.

12.

Defendant Doe's negligence was the sole proximate cause of the subject incident.

13.

Plaintiff was physically injured as a result of the subject incident.

2

14.

You or someone on your behalf has obtained copies of Plaintiff's medical records to show Plaintiff was physically injured in the incident.

15.

You or someone on your behalf has conducted surveillance on Plaintiff.

16.

You or someone on your behalf has conducted a background check on Plaintiff.

17.

You gave a recorded statement to your insurance company before Plaintiff filed this action.

18.

At all times relevant hereto, Defendant John Doe was acting within the course and scope of his employment with Defendant Fresh Express Incorporated.

19.

Defendant Fresh Express Incorporated is liable for the negligence of its employee, John Doe, in the operation of a company vehicle in the course and scope of his employment, under the legal theory of respondeat superior.

This the 29th day of August 2022.

[Date and Signature on the Next Page]

3

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ *Joseph D. Perrotta*

Joseph D. Perrotta, Esq.
Georgia State Bar No. 572499
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Joe@monge.lawyer

4

2022CV01950

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TALJINDER KAUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action File No.: 2022CV01950 |
| | ) |
| FRESH EXPRESS INCORPORATED, | )   **DEMAND FOR JURY TRIAL** |
| CHIQUITA BRANDS, LLC, and JOHN | ) |
| DOE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT FRESH EXPRESS INCORPORATED**

COMES NOW, Plaintiff, and hereby requests that Defendant Fresh Express Incorporated

produce for inspection and copying the following documents in the possession, custody, or control

of Defendants and their representatives pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days

from the date of service hereof at the Law Firm of Monge & Associates, 8205 Dunwoody Place,

Building 19, Atlanta, Georgia 30350, or at such other time, date, and location agreed to by counsel

for Defendant and their undersigned counsel, and to serve a written response hereto within forty-

five (45) days from the date of service hereof.

**DEFINITIONS**

If a privilege is claimed as to any documents covered by this request for production,

Plaintiff ask that each document to which privilege is claimed be identified with such particularity

and in such a manner that the Court, and not counsel unilaterally, may determine whether the

document is indeed entitled to privileged status. As used herein, the terms listed below mean the

following:

1. "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2. "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3. If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

## REQUESTS FOR PRODUCTION

1. Please produce copies of all witness statements obtained from any person, about any information relevant to any issue in this lawsuit, or the subject collision, including but not limited to, the issues of liability or damages.

2. Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and concerning any of the issues relevant in this lawsuit, to include but not be limited to the issues of liability and damages.

3. Please produce a copy of any incident report prepared by you, on your behalf, or by or on behalf of Defendant Fresh Express Incorporated concerning the subject collision and any claim or potential claim arising out of said collision.

4. Please produce a **complete certified copy** of all policies of insurance (to include the Declarations pages) which do or may afford liability insurance coverage with respect to Plaintiff's claims against this Defendant. This Request includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5. Please produce copies of any and all motor vehicle records or reports of any kind received from any private corporation, individual, or business entity, or any governmental entity relative to the driving record and driving infractions of John Doe, the driver who was operating the Defendant's truck at the time of the collision that forms the basis for this lawsuit.

6. Please produce copies of any and all documentation of any kind by any name sent to Defendant Fresh Express Incorporated or received by Defendant Fresh Express Incorporated concerning the driving history, driving infractions, and qualifications of Defendant John Doe, the driver of the subject vehicle involved in the collision that formed the basis for Plaintiff's Complaint.

7. Please produce a copy of any incident reports prepared by any agent, employee, or officer on behalf of this Defendant concerning the subject collision and/or any claim or potential claim arising out of said collision.

8. Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit. Also, please

produce all materials relied upon by each expert in formulating his or his opinions and conclusions.

9. Please produce a copy of the paycheck, paycheck stub, time card, or any documentation of time worked by Defendant John Doe for the time period during which this collision occurred. This request includes copies of any materials which reflect any expenses (such as mileage, gas, etc.) which are reimbursed.

10. Please produce a copy of the logs for trips made by the driver for this Defendant's driver for the fourteen (14) days prior to the subject collision, the date of said collision, and the seven (7) days subsequent to said collision.

11. Please produce a copy of any and all instructions manuals, employee rules, regulations, or any driver/employee handbook provided to the pickup truck driver or any handbook in force and effect for drivers of this Defendant's driver at the time of the subject collision.

12. Please produce a complete copy of the driver qualification file and the personnel file maintained concerning the driver, John Doe, involved in the subject collision.

13. Please produce copies of any and all trip sheets, bills of lading, shipping documents, or any and all other documents of any kind or by any other name which reflect information concerning the trip being made by the driver at the time the subject collision occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

14. Please produce a copy of any documentation of any kind received by this Defendant from any person, corporation, or entity relative to the performance of John Doe as truck driver/employee to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning John Doe's work or background as a driver from the time he first

drove for this Defendant to include, but not be limited to, the date of the collision and any information received concerning the requested subject matter subsequent to said collision.

15. Please produce any report or statement concerning the collision written by John Doe and given to this Defendant, the police, your insurance company, or any other person or entity concerning the collision set forth in the Complaint.

16. Please produce a complete copy of maintenance records, repair records, and inspection records on the pickup truck involved in the subject collision. This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject truck both prior to and after the date of the collision that is the subject of Plaintiff's Complaint.

17. Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to the pickup truck in the subject collision and who repaired the pickup truck after the subject collision.

18. Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

19. Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff's physical or medical condition, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

20. Please produce copies of any and all documents obtained or generated as a result of John Doe driving for this Defendant's insured or its agents, officers, and employees or generated for consideration of John Doe as a driver for this Defendant.

21. Please produce any and all documents that in any way pertain to John Doe's qualifications (or lack thereof) to drive professionally for this Defendant to include prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

22. Please produce copies of any and all information sent to or received from or through your insured concerning the collision giving rise to this litigation including, but not limited to, documents in the possession of your insured with respect to the issue of liability in this case.

23. Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions of John Doe.

24. Please produce a copy of any reservation of rights letter or other documentation of any kind provided to your insured that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

25. Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon the driver of this Defendant's truck involved in the subject collision by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

26. Please produce copies of any and all citations received by the driver of this Defendant's truck from any law enforcement officer to include citations relevant to any violation of any law, ordinance, or rule of the road of any state as a result of this collision.

27. Please produce a copy of certificates of insurance or any other documents filed by or on behalf of Defendant Fresh Express Incorporated  with any state or federal agency in compliance with state or federal law including but not limited to MCS90 endorsement.

This the 29th day of August 2022

MONGE & ASSOCIATES,

/s/ *Joseph D. Perrotta*

Joseph D Perrotta
Georgia State Bar No. 572499
Attorney for Plaintiff

8205 Dunwoody Place
Atlanta, GA 30350
(800)899-5750
Joe@Monge.Lawyer

2022CV01950

e-Filed 8/29/2022 2:34 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Curtie

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| TALJINDER KAUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )                 2022CV01950 |
| | )   **Civil Action File No.:** |
| FRESH EXPRESS INCORPORATED, | ) |
| CHIQUITA BRANDS, LLC, and JOHN | )   **DEMAND FOR JURY TRIAL** |
| DOE, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT CHIQUITA BRANDS, LLC

NOW COMES, Taljinder Kaur (hereinafter "Plaintiff") pursuant to O.C.G.A.§9-11-36 requests that Chiquita Brands, LLC (hereinafter "Defendant") admit or deny the truth of the following statements with the time allowed by law and that the Defendant serve a copy of your responses hereto upon Monge & Associates, 8205 Dunwoody Place, Building 19, Atlanta, Georgia 30350. Please admit or deny the following:

1.

The incident giving rise to the subject action occurred on August 9, 2021.

2.

You were properly served with a copy of the Summons, Complaint, Interrogatories, Request for Production of Documents, Request for Admissions and Notice of Deposition in this action.

3.

You were properly served with a copy of the Summons and Complaint in this action within the applicable statute of limitations.

1

4.

You are a proper party to this action.

5.

You are the only necessary Defendant to this action.

6.

This Court has jurisdiction over this action.

7.

Venue is proper before this Court.

8.

Plaintiff has stated a claim against you for which relief may be granted.

9.

No act or omission on the part of Plaintiff caused the subject collision.

10.

No act or omission on the part of the Plaintiff contributed to the subject incident.

11.

The motor vehicle operated by Defendant John Doe on August 9, 2021 was owned by Defendant Chiquita Brands LLC and was being operated by Defendant John Doe with the knowledge, permission and consent of its owner.

12.

Defendant Doe's negligence was the sole proximate cause of the subject incident.

13.

Plaintiff was physically injured as a result of the subject incident.

2

14.

You or someone on your behalf has obtained copies of Plaintiff's medical records to show Plaintiff was physically injured in the incident.

15.

You or someone on your behalf has conducted surveillance on Plaintiff.

16.

You or someone on your behalf has conducted a background check on Plaintiff.

17.

You gave a recorded statement to your insurance company before Plaintiff filed this action.

18.

At all times relevant hereto, Defendant John Doe was acting within the course and scope of his employment with Defendant Chiquita Brands, LLC .

19.

Defendant Chiquita Brands, LLC is liable for the negligence of its employee, John Doe, in the operation of a company vehicle in the course and scope of his employment, under the legal theory of respondeat superior.

[Date and Signature on the Next Page]

3

2022CV01950

This the 29th day of August 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ *Joseph D. Perrotta*

Joseph D. Perrotta, Esq.
Georgia State Bar No. 572499
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Joe@monge.lawyer

4

2022CV01950                                                    e-Filed 8/29/2022 2:34 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

TALJINDER KAUR,                        )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        Civil Action File No.: 2022CV01950
                                       )
FRESH EXPRESS INCORPORATED,            )        **DEMAND FOR JURY TRIAL**
CHIQUITA BRANDS, LLC, and JOHN         )
DOE,                                   )
                                       )
        Defendants.                    )
_____        )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CHIQUITA BRANDS LLC

TO:     Chiquita Brands, LLC
        1361 Southern Road
        Morrow, GA 30260

        COMES NOW, Plaintiff, and serves upon Defendant Chiquita Brands, LLC, Plaintiff's

First Interrogatories, to be answered under oath and within forty-five (45) days from service

hereof in accordance with O.C.G.A. § 9-11-33.

        These Interrogatories shall be deemed continuing so as to require supplemental answers if

you or your attorneys obtain further information between the time the answers are served and the

time of trial. Any such supplemental answers are to be filed and served upon counsel for

Plaintiff within thirty (30) days from the receipt of such information, but not later than the time

of trial.

### DEFINITIONS

        When used in these Interrogatories, the term "Defendant" or any synonym thereof, is

intended to and shall embrace servants, representatives, private investigators, and others who are

in a position of or may have obtained information for or on behalf of Defendants.

        As used in these Interrogatories, the following words and phrases have the meanings set

forth below.

        (1)"You" and "your" means and refers to Defendants, the Defendants to whom these

interrogatories are directed, and includes your agents, employees, insurance company and their

agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2) The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3) "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## INTERROGATORIES

1. Identify the insurer issuing the policy, the policy number, and the effective dates of the policy for all policies of insurance (primary or excess) which do, does, or may provide insurance coverage for the claims made in Plaintiff's Complaint. Plaintiff specifically requests that in response to this interrogatory, this Defendant identify any and all payouts made and insurance coverages remaining for any aggregate or single-limit policies applicable for the time period which includes the subject incident.

2. Please state the name, business address, and business telephone number of the following persons:

   (a)  Any claims representative or individual who has investigated or sought to assist in the adjusting of the claim that forms the basis of Plaintiff's Complaint; and

   (b)  The claims representative who is responsible for handling and supervising this claim.

3. Please identify every person who has any information about how or why the subject collision occurred, about who was at fault or any way responsible for causing this collision, and about any other information concerning the issues of liability or damages in this case. Please list a brief description or nature of such person's knowledge (for example: eyewitness, investigating police officer, medical doctor, private investigator, etc.).

4. Please identify any witness who has information relevant to this case who has orally, in writing, or by recording in any way given a statement or account of his or his knowledge or any information relevant to this lawsuit. Identify each such witness by giving his or his name, address, and telephone number and provide an explanation of the type of statement

given (oral, written, recorded, etc.).  Also, please identify the taker and present custodian of such statement.

5.  Please identify any person you expect to call as an expert witness, whether live, by affidavit, or by deposition in connection with the trial, any hearing or motion for evidentiary matter in this civil action, and separately for each expert identify: a) the subject matter of which such person is expected to testify; b) the substance of the facts and opinions as to which such expert is expected to testify; c) a summary of the grounds for such opinion; and d) all documents and professional references upon which such person may specifically base his or his testimony and opinions.

6.  Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff, or any other person did or failed to do that in any way contributed to causing the collision that forms the basis for Plaintiff's Complaint.  Please reference any applicable statutory authority.

7.  Provide the following information: 1) The name, address and officers of the person or company that owned the truck on the date of the collision; 2) The name, address and officers of the current employer or subcontractor Defendant John Doe was operating for at the time of the collision;  and, 3) all persons who have investigated the subject collision or discussed the subject collision with Fresh Express Incorporated, Chiquita Brands, LLC, and/or John Doe, the driver involved in this collision.

8.  State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does .or may afford insurance coverage to this Defendant for the claims made in this lawsuit:

(a)     Name of each insurance company issuing policy;

(b)     Applicable liability limits concerning each policy;

(c)     Names of all persons and/or companies insured under each policy;

(d)     Names of the person(s) paying premiums with respect to each policy;

(e)     Policy number of each policy;

(f)     Types of insurance coverage carried;

(g)     When/whether the defense of this action has been tendered to any such insurer;

(h)     When/whether defense has been accepted by each such insurer to whom defense has been tendered;

(i)     When this Defendant's insured has made any claims under said policy or policies as a result of the occurrence herein;

(j)     The nature, extent, and amount of any such claim or claims by said insured(s);

(k)     When those claims have been paid by you and the amount of said payment(s); and,

(l)     Your response or reaction with respect to the request that you defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

9.  State whether this Defendant admits that the driver of the subject truck, John Doe, negligently caused the subject occurrence. If your answer is in the negative, please explain the basis for contesting liability.

10. Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to the Plaintiff's physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

11. Please explain the nature of the employment relationship between the driver of the subject truck involved in this collision and this Defendant, including the date the employment relationship began, whether the relationship has been terminated, the date of such termination, the reason for such termination, and the identity of the person who terminated the driver.

12. With respect to the driver of the truck involved in this occurrence, please state the following: full legal name; date of birth; Social Security number; Driver's license number and state of issuance; present home address; all of said driver's previous residence addresses for the past five years, including the street address, city, state, and zip code; and his mode of compensation.

13. Please identify the following individuals of Defendant Chiquita Brands, LLC as of the date of the occurrence and at present:

    (a)    Person(s) responsible for the inspection, maintenance, and repair of this Defendant's truck;

    (b)    Safety Director;

    (c)    Person(s) responsible for training employees/drivers, including John Doe;

    (d)    Person(s) responsible for interviewing and/or hiring employees/drivers, and, specifically, driver John Doe; and,

    (e)    Person(s) responsible for supervising drivers, including John Doe.

14. Please state whether this Defendant, its agents, its attorneys, or its insurer, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant hires or

allows to drive their vehicles. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the tractor trailer involved in the subject occurrence.

15. Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insurance company.

16. Please give a detailed history of any inspections, maintenance, and repairs of the truck that was involved in the subject collision, both prior to and subsequent to the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

17. As to this Defendant's truck involved in the occurrence, please state the following information: Manufacturer, make, model, year, and Vehicle Identification Number (VIN); person or entity to whom the subject truck was titled as of the date of the occurrence and at present; present location of the pickup truck; gross vehicle rating of the pickup truck; and wheel base measurements.

18. Please state whether any inspection of the subject truck was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the

person(s) performing such inspection. Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the truck.

19. Please state whether at the time and place of the subject occurrence, John Doe was an employee/servant of this Defendant, and if so, whether he was acting within the course and scope of his employment. If your answer to this interrogatory is in any way in the negative, please also state the facts which support such response, including, but not limited to, whether John Doe was an employee at the time, whether he was "on the clock" at the time, and if you contend he was on an independent "frolic" of his own, please state what facts support that contention.

20. Please state whether this Defendant, its attorneys, investigators, insurance company or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following: the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

21. Please state whether or not an accident/incident report was made by this Defendant or any of your representatives or employees in connection with the subject occurrence, and if so, the place where such report is located.

22. Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by John Doe, his destination, and from where he left. Please include in this response a listing of each person, force of

nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

23. Please identify and describe each document filed by or on behalf of Defendant Chiquita Brands, LLC with a state or government agency, or received from a state or federal agency, including, but not limited to, certificates of insurance, MC90, insurance cancellation notifications, certificate of authority, and licenses or permits to engage in interstate or intrastate authority.

24. Please identify all dates which correspondence or attempts of communication with the Plaintiff were made in relation to the referenced incident.

25. Identify whom exactly Defendant John Doe was working for or acting on behalf of at the time of the collision.

26. Please identify whether a video recording capturing the referenced collision in in your possession, and or was ever requested by Defendant Chiquita Brands, LLC.

27. Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the contention which it supports or to which it otherwise relates.

[Date and Signature on the Next Page]

This the 29th day of August, 2022.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ *Joseph D. Perrotta*

Joseph D Perrotta
Georgia State Bar No. 572499
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
(800)899-5750
joe@monge.lawyer

2022CV01950

e-Filed 8/29/2022 2:34 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

TALJINDER KAUR,      )
     )
     Plaintiff,      )
     )
     )    **Civil Action File No.:**   2022CV01950
v.      )
     )
FRESH EXPRESS INCORPORATED,   )    **DEMAND FOR JURY TRIAL**
CHIQUITA BRANDS, LLC, and JOHN   )
DOE,      )
     )
     Defendants.      )
_____ )

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
### DEFENDANT CHIQUITA BRANDS LLC

COMES NOW, Plaintiff, and hereby requests that Defendant Chiquita Brands, LLC

produce for inspection and copying the following documents in the possession, custody, or control

of Defendants and their representatives pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days

from the date of service hereof at the Law Firm of Monge & Associates, 8205 Dunwoody Place,

Building 19, Atlanta, Georgia 30350, or at such other time, date, and location agreed to by counsel

for Defendant and their undersigned counsel, and to serve a written response hereto within forty-

five (45) days from the date of service hereof.

### DEFINITIONS

If a privilege is claimed as to any documents covered by this request for production,

Plaintiff ask that each document to which privilege is claimed be identified with such particularity

and in such a manner that the Court, and not counsel unilaterally, may determine whether the

document is indeed entitled to privileged status. As used herein, the terms listed below mean the

following:

1. "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2. "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3. If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

## REQUESTS FOR PRODUCTION

1. Please produce copies of all witness statements obtained from any person, about any information relevant to any issue in this lawsuit, or the subject collision, including but not limited to, the issues of liability or damages.

2. Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and concerning any of the issues relevant in this lawsuit, to include but not be limited to the issues of liability and damages.

3. Please produce a copy of any incident report prepared by you, on your behalf, or by or on behalf of Defendant Chiquita Brands LLC  concerning the subject collision and any claim or potential claim arising out of said collision.

4. Please produce a **complete certified copy** of all policies of insurance (to include the Declarations pages) which do or may afford liability insurance coverage with respect to Plaintiff's claims against this Defendant.   This Request includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

5. Please produce copies of any and all motor vehicle records or reports of any kind received from any private corporation, individual, or business entity, or any governmental entity relative to the driving record and driving infractions of John Doe, the driver who was operating the Defendant's truck at the time of the collision that forms the basis for this lawsuit.

6. Please produce copies of any and all documentation of any kind by any name sent to Defendant Chiquita Brands LLC  or received by Defendant Chiquita Brands LLC concerning the driving history, driving infractions, and qualifications of Defendant John Doe, the driver of the subject vehicle involved in the collision that formed the basis for Plaintiff's Complaint.

7. Please produce a copy of any incident reports prepared by any agent, employee, or officer on behalf of this Defendant concerning the subject collision and/or any claim or potential claim arising out of said collision.

8. Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit. Also, please produce all materials relied upon by each expert in formulating his or his opinions and conclusions.

9. Please produce a copy of the paycheck, paycheck stub, time card, or any documentation of time worked by Defendant John Doe for the time period during which this collision occurred. This request includes copies of any materials which reflect any expenses (such as mileage, gas, etc.) which are reimbursed.

10. Please produce a copy of the logs for trips made by the driver for this Defendant's driver for the fourteen (14) days prior to the subject collision, the date of said collision, and the seven (7) days subsequent to said collision.

11. Please produce a copy of any and all instructions manuals, employee rules, regulations, or any driver/employee handbook provided to the pickup truck driver or any handbook in force and effect for drivers of this Defendant's driver at the time of the subject collision.

12. Please produce a complete copy of the driver qualification file and the personnel file maintained concerning the driver, John Doe, involved in the subject collision.

13. Please produce copies of any and all trip sheets, bills of lading, shipping documents, or any and all other documents of any kind or by any other name which reflect information concerning the trip being made by the driver at the time the subject collision occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

14. Please produce a copy of any documentation of any kind received by this Defendant from any person, corporation, or entity relative to the performance of John Doe as a truck

driver/employee to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning John Doe's work or background as a driver from the time he first drove for this Defendant to include, but not be limited to, the date of the collision and any information received concerning the requested subject matter subsequent to said collision.

15. Please produce any report or statement concerning the collision written by John Doe and given to this Defendant, the police, your insurance company, or any other person or entity concerning the collision set forth in the Complaint.

16. Please produce a complete copy of maintenance records, repair records, and inspection records on the truck involved in the subject collision. This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject truck both prior to and after the date of the collision that is the subject of Plaintiff's Complaint.

17. Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to the truck in the subject collision and who repaired the pickup truck after the subject collision.

18. Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

19. Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff's physical or medical condition, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

20. Please produce copies of any and all documents obtained or generated as a result of John Doe driving for this Defendant's insured or its agents, officers, and employees or generated for consideration of John Doe as a driver for this Defendant.

21. Please produce any and all documents that in any way pertain to John Doe's qualifications (or lack thereof) to drive professionally for this Defendant to include prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

22. Please produce copies of any and all information sent to or received from or through your insured concerning the collision giving rise to this litigation including, but not limited to, documents in the possession of your insured with respect to the issue of liability in this case.

23. Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions of John Doe.

24. Please produce a copy of any reservation of rights letter or other documentation of any kind provided to your insured that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

25. Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon the driver of this Defendant's truck involved in the subject collision by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

26. Please produce copies of any and all citations received by the driver of this Defendant's truck from any law enforcement officer to include citations relevant to any violation of any law, ordinance, or rule of the road of any state as a result of this collision.

27. Please produce a copy of certificates of insurance or any other documents filed by or on behalf of Defendant Boiler Supply Company with any state or federal agency in compliance with state or federal law including but not limited to MCS90 endorsement.

This the 29th day of August 2022

MONGE & ASSOCIATES,

/s/ *Joseph D. Perrotta*

Joseph D Perrotta
Georgia State Bar No. 572499
Attorney for Plaintiff

8205 Dunwoody Place
Atlanta, GA 30350
(800)899-5750
Joe@Monge.Lawyer